1  Ernest J. Franceschi, Jr. (State Bar No. 112893)
   FRANCESCHI LAW CORPORATION
2  4640 Admiralty Way, 5ʰ Floor
   Marina del Rey, California 90292
3  Telephone: (213) 622-0835
   Facsimile: (213) 622-0837
4  Email: ejf@franceschilaw.com

5  Attorney for Defendants
   1134 PENROSE, INC. dba
6  LA VIDA GENTLEMEN'S CLUB and
   CINDY CHAVIRA

7

8

               **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 GABRIELA ROSARIO, an            ) **CASE NO. 2:20-cv-04715-SB-RAO**
   individual,                     ) Assigned to Hon. Stanley Blumenfeld,
12                                 ) Jr.
                 Plaintiff,        )
13                                 )
        vs.                        ) **DEFENDANTS' EX PARTE**
14                                 ) **APPLICATION FOR AN ORDER**
   11343 PENROSE, INC. dba LA VIDA ) **DIRECTING PLAINTIFF TO**
15 GENTLEMEN'S CLUB, a California  ) **WITHDRAW UNAUTHORIZED**
   corporation; CINDY CHAVIRA, an  ) **NOTICE OF COLLECTIVE**
16 individual; DOE MANAGERS 1-3;   ) **ACTION; DECLARATION OF**
   and DOES 4-10, inclusive,       ) **ERNEST J. FRANCESCHI, JR.;**
17                                 ) **EXHIBITS**
                 Defendants.       )
18                                 )
   11343 PENROSE, INC. dba LA VIDA )
19 GENTLEMEN'S CLUB, a             )
   California corporation,         )
20                                 )
              Counter-Claimant,    )
21                                 )
        vs.                        )
22                                 )
   GABRIELA ROSARIO, individually  )
23 and on behalf of a class of similarly )
   situated individuals,           )
24                                 )
              Counter-Defendants.  )
25                                 )
                                   )
26 _____ )

27

28

---

1

**DEFENDANT'S EX PARTE APPLICATION RE UNAUTHORIZED NOTICE OF COLLECTIVE ACTION**

Come now Defendants 11343 PENROSE, INC. and CINDY CHAVIRA and Move this honorable Court ex parte for an order directing Plaintiff's Counsel to take down social media posts purporting to give notice of this collective action that have not been authorized by the Court:

## I. INTRODUCTION AND STATEMENT OF FACTS

On October 26, 2020 this Court granted Conditional Certification to an FLSA class of exotic dancers in this action. [Doc. No. 67]. The Court did not authorize any notice to be given, but instead ordered the parties to meed and confer within 21 days as to the contents of the Notice and the means by which it is to be give. [Doc. No. 67, pg 9].

On October 29, 2020, Plaintiff filed a Notice of Consent to opt in by Kendell Jones [Doc. No. 68]. This "opt in" took place before any notice had even been formulated, let alone approved by the Court. Defendant immediately filed a Request to Strike the Consent to Joint Action by Kendell Jones [Doc. No. 69]. However, not action has been taken by the Court on the request.

Defendants became suspicious that either Plaintiff or Plaintiff's Counsel may have been soliciting former dancers of La Vida to opt in before the approval of the official Notice, Defendants discovered an Instagram post which provides as follows: "join the Federal Lawsuit against La Vida…" in both English and Spanish. *Exhibit* 1

Moreover, this posting is materially false and patently misleading. It fails to disclose that anyone opting in will be subject to the counterclaims and may be required to return the revenue they earned as an independent contractor in order to receive minimum wage, less withholdings. The posting uses the hash tags #keepyourtips, #housefees, and, #vipfees which falsely implies that dancers will be able to retain such revenue, which is directly contrary to the Court's ruling denying the Motion to Dismiss the Counterclaims. [Doc. No. 67].

Defense Counsel sent Plaintiff's Counsel an email on November 11, 2020

to meet and confer with regard to the unauthorized Notice. The email contained a demand that the Instagram posting be taken down together with any other social media and/or internet purported notice of the action. There was no response.

On November 12, 2020 Defendants' Counsel sent another email pursuant to L.R. 7-19 to inform Plaintiff that this ex parte application would be made on November 16, 2020 and if Plaintiff intended to Oppose.

Later on November 12, 2020, Ms. Martinez, Co Counsel for Plaintiff responded to the effect that Plaintiff has a First Amendment right to advertise for clients.

Plaintiff's subsequent response informed Ms. Martinez that there is not First Amendment right to put out a false and misleading notice with the intent of subverting what will be the court approved notice and that this Court has the inherent authority to regulate the conduct of its officers. Moreover, since the action has been conditionally certified, notice must proceed according to law and must be approved by the Court. There was no response from Ms. Martinez. These emails are provided collectively as *Exhibit* 2.

At the hearing on the Motion for Conditional Certification, the Court directed that any Notice must fairly inform potential "opt ins" of the counterclaims so that "they know what they are opting in to." During the Court ordered meet and confer process pertaining to the form and content of the Notice, Plaintiff has resisted making a full disclosure with regard to the counterclaims, and now it is learned that Plaintiff's Counsel has posted at least one social media notice that make no mention whatsoever of the counterclaims, but nevertheless solicits dancers to join the action.

The unauthorized Notice of the action posted by Plaintiff's Counsel threatens to undermine this Court's official Notice, which has yet to be formulated or approved. Based upon this Court's Conditional Certification Order, there must be a disclosure regarding the counterclaims, which Plaintiff is attempting to subvert by soliciting dancers through one or more false and misleading Notices.

Emergency relief is appropriate because the actions of Plaintiff's Counsel in sending out an unauthorized Notice that fails to make the required disclosure not only amounts to a serious breach of Counsel's fiduciary duty to the conditionally certified class members, but deprives those considering opting in from making a fully informed decision after weighing the benefits of the relief being sought against the consequences of having to make restitution of revenue they have already earned.

## II.   *L.R. 7-19* REQUIREMENTS

Plaintiff is represented by John Kristensen and Jesenia Martinez of Kristensen, LLP 12540 Beatrice Street, Suite 200 Los Angeles, California 90066 TE: (310) 507-79234 email: John@Kristensenlaw.com and jesenia@Kristensenlaw.com.  In addition to service through the Court's ECF, this application was emailed to Plaintiff's Counsel with a notice that opposition, if any must be filed within 48 hours.

## III.   MEMORANDUM IN SUPPORT OF APPLICATION

A preliminary certification results in the dissemination of a court-approved notice to the putative collective action members, advising them that they must affirmatively opt in to participate. *Campbell v. City of Los Angeles* (9th Cir. 2018) 903 F. 3d 1090, 1109; *Hofman-La Roche v. Sperling* (1989) 493 U.S. 165, 170-171.

Based on the meet and confer response, it is expected that Plaintiff's Counsel will assert in opposition to this application that lawyers have a generalized First Amendment right to advertise for clients.  This proposition is advanced as a "red herring."  While it is undisputed that there is a First Amendment right to advertise for clients, that right terminates when a class or collective action is certified and notices that are sent to the putative members must be approved by the Court.  As the Supreme Court noted in *Hofman-La Roche:*

"Observing that class actions serve important goals but also

|   |   |
|---|---|
| 1 | present opportunities for abuse, we noted that because of |
| 2 | the potential for abuse, a district court has both the duty |
| 3 | and the broad authority to exercise control over a class |
| 4 | action and to enter appropriate orders governing the |
| 5 | conduct of counsel and the parties.  The same justifications |
| 6 | apply in the context of an ADEA action.  Although the |
| 7 | collective form of action is designed to serve the important |
| 8 | function of preventing age discrimination, the potential |
| 9 | for misuse of the class device, ad by misleading communications, |
| 10 | may be countered by court-authorized notice." |
| 11 | *Hofman-La Roche*, at 486-487. |
| 12 | This matter presents the precise example of why a court authorized notice is |
| 13 | required to curb the potential for abuse by Plaintiff's Counsel. |
| 14 | As an additional ground for the requested relief, it is well established that a |
| 15 | district court has the inherent authority to control its officers and the parties |
| 16 | appearing before it. In *Anheuser-Busch, Inc. v. Natural Beverage Distributors* (9th |
| 17 | Cir. 1995) 69 F. 3d 337 the court held that sanctions were warranted under the |
| 18 | court's inherent authority  "where as here, a party has engaged deliberately deceptive |
| 19 | practices that undermine the integrity of judicial proceedings." *Id.* at 348.  See also, |
| 20 | *Combs v. Rockwell Intl.* (9th Cir, 1991) 927 F. 2d 486.  Here, the conduct at issue |
| 21 | was clearly engaged in with the intent to undermine the integrity of judicial |
| 22 | proceedings by posting an unauthorized Notice that is patently deceptive |
| 23 | The egregious nature of the conduct at issue, which also amounts to a breach |
| 24 | of fiduciary duty poses a significant question as to the adequacy of class counsel and |
| 25 | whether or not present counsel should be allowed to continue to represent the |
| 26 | collective.  Class counsel has a fiduciary duty to the class as a whole. *Radcliffe v.* |
| 27 | *Experian Information Solutions, Inc.* (9th Cir. 2013) 715 F. 3d 1157, 1166. In *Molski* |
| 28 | *v. Gleich* (9th Cir. 2003) 318 F. 3d 937, 955 the court noted that adequacy of |

counsel examines the "absence of antagonism" and a "sharing of interest between representatives and absentees." The issue there was the failure to disclose incentive arrangements, which gave rise to the appearance of impropriety. Here, the failure to disclose that opt ins will be subject to the counterclaims is even more egregious because of the opt ins will be blind sided with counterclaims for restitution after being implicitly promised that they would be able to keep their independent contractor revenue. " #keepyourtips, #housefees, and, #vipfees."

In addition to issuing remedial orders addressing the improper social media posting, the Court should issue an OSC to Plaintiffs' Counsel why they should be allowed to continue to serve as counsel fo the collective in this matter.

## IV    REQUESTED RELIEF

Defendants request that the Court issue an Order directing Plaintiff's Counsel to remove or take down the subject Instagram post , together with any other social media and/or internet posting soliciting dancers to join this action. Plaintiff's Counsel should also be required to identify in a report filed with the court all social media and internet posting which they have put up soliciting dancers to join this action, the date(s) of such postings, and the date(s) upon which they were removed pursuant to this Court's order. Additionally, Plaintiff's Counsel must identify any and all dancers who have responded to these postings and indicated a desire to join the action in the report.

Plaintiff's Counsel should also be issued an OSC as to why they should be allowed to continue to serve as counsel for the collective class due to having posted an unauthorized and deceptive notice.

## V. CONCLUSION

For all of the foregoing reasons, this ex parte application should be granted and the requested relief issued.

Dated: November 16, 2020         **FRANCESCHI LAW CORPORATION**


By  /s/Ernest J. Franceschi, Jr.
   Ernest J. Franceschi, Jr.
   Attorney for Defendants
   1134 PENROSE, INC. dba
   LA VIDA GENTLEMEN'S CLUB and
   CINDY CHAVIRA

DECLARATION OF ERNEST J. FRANCESCHI, JR.

I, Ernest J. Franceschi, Jr. hereby declare:

1. I am counsel for Defendants in the within action.

2. That attached hereto as *Exhibit* 1 is a true and correct copy of the Instagram post purporting to give notice of this action and soliciting dancers to join the action.

3. That attached hereto as *Exhibit* 2 are the meet and confer emails with Plaintiff's counsel regarding the Instagram post.

4. That I have served this ex parte application through the Court's ECF as well as by email and that I have notified Plaintiff's Counsel in the service email that they have 48 hours to file opposition if they intend to oppose the application.

I declare under penalty of perjury that the foregoing is true and correct under the laws of the United States.

Executed this 16th day of November 2020 at Marina del Rey, California.

/s/ Ernest J. Franceschi, Jr.