UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04715-SB-RAO | Date: | 11/30/2020 |
|---|---|---|---|

| Title: | *Gabriela Rosario v. 11343 Penrose Inc., et al* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER DENYING EX PARTE APPLICATION (DKT. NO. 73)

Defendants' 1143 Penrose, Inc. and Cindy Chavira have filed an ex parte application seeking an order restraining speech, claiming that Plaintiff's counsel has made false and misleading statements on social media. Dkt. No. 73 (App.). Plaintiff filed an opposition. Dkt. No. 74 (Opp.). For the following reasons, the Court **DENIES** the application.

I.   **BACKGROUND**

In their application, Defendants note Plaintiff Gabriela Rosario's counsel have made posts on social media discussing this litigation. App. 2. Specifically, there are Instagram posts (in both English and Spanish) saying:

> Join the Federal Lawsuit against La Vida Gentlemen's Club! We sued La Vida and their owner in Federal Court for violating labor laws, including for kickback house fees and the same type of "independent contractor" agreements that nearly 20 other federal courts have

>rejected. For a free confidential consultation visit [website], DM us or text at [phone number]. #dancerrights #wagetheft #keepyourtips #housefees #vipfee #ad #dancedancedance #flsa #stopwagetheft

Dkt. No. 73-1. At the bottom of the post is a disclosure that the content is an advertisement and that "Each Case is Different, Effort is Guaranteed, Outcome is Not." *Id.*

The application seeks an order instructing Plaintiff's counsel to remove the post, identify all other similar posts or advertisements, and identify all individuals who have responded with an interest to join the litigation. App. 6. It also requests the Court issue an Order to Show Cause to Plaintiff's counsel "as to why they should be allowed to continue to serve as counsel for the collective class." *Id.*

## II.   LEGAL ANALYSIS

In a putative collective action under the Fair Labor Standards Act (FLSA), like the instant case, "there is no prohibition against pre-'opt-in' communication with a . . . potential plaintiff, unless the communication undermines or contradicts the Court's notice." *Parks v. Eastwood Ins. Servs., Inc.*, 235 F. Supp. 2d 1082, 1085 (C.D. Cal. 2002). But courts can issue restrictive orders when a communication is misleading or misrepresents the litigation. *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1105 (D. Colo. 2013) (collecting cases). Courts may also "intervene" when the communication is "slanderous," "threat[ening]," or "legally inappropriate." *Parks*, 235 F. Supp. 2d at 1085 n.2.

An order restricting communication has First Amendment implications. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 103-04 (1981) (analyzing "serious restraints on expression" resulting from an order in a class action case). When it is appropriate to restrict a party or counsel's communication with potential plaintiffs, the Supreme Court has instructed "an order limiting communications . . . should be based on a clear record and specific findings that reflect a weighing of the need for a limitation and the potential interference with the rights of the parties." *Id.* at 101. In particular, a restraint on counsel's communication must "identif[y] the potential abuses being addressed" and "result in a carefully drawn order that limits speech as little as possible." *Id.*

Here, the application indicates the social media posts are misleading (and thus worthy of restriction) for two reasons. First, the posts fail "to

disclose that anyone opting in will be subject to the counterclaims and may be required to return the revenue they earned as an independent contractor in order to receive minimum wage, less withholdings." App. 2. Second, the posts include "the hash tags #keepyourtips, #housefees, and, #vipfees which falsely implies that dancers will be able to retain such revenue, which is directly contrary to the Court's ruling denying the Motion to Dismiss the Counterclaims." *Id.*

Neither of these reasons is enough to provide the Court with the "clear record" of "potential abuses" needed to restrict the speech of Plaintiff's counsel. *Gulf Oil*, 452 U.S. at 101-02.

To start, it is not clear that failure to discuss the counterclaims in all general communications with potential plaintiffs is "legally inappropriate." *Parks*, 235 F. Supp. 2d at 1085 n.2. The Court has not made a legal determination that court-approved notice must include reference to the counterclaims or any other content. At most, the Court has directed the parties to meet and confer about the form and manner of notice. *See* Dkt. No. 67 (10/26/2020 Order) at 9. The Court declines to interfere with Plaintiff's counsel's free speech rights. Even if the Court were to agree that formal notice must include reference to the counterclaims, this does not necessarily render false or misleading every communication with potential FLSA class members that omits the reference. And though it is not now deciding the issue of the notice's required contents, the Court is reticent to restrain Plaintiff's counsel's communications on this ground when courts have found that disclosure of counterclaims in a collective action's notice is improper. *See, e.g., Green v. Exec. Coach & Carriage*, 895 F. Supp. 2d 1026, 1030 (D. Nev. 2012).

Next, the inclusion of various "hashtags" at the end of the social media post is not sufficiently misleading to justify the Court's intervention. The Court does not agree that including "#keepyourtips," "#housefees," "#vipfees" improperly "implies that dancers will be able to retain such revenue." App. 2. Rather, these hashtags seem to inform potential plaintiffs of the general subject matter of the lawsuit, which largely turns on what wages, tips, and fees are owed to the club's dancers. Any perceived implication from these hashtags is not strong or clear enough to justify restraining counsel's constitutional rights. Moreover, the "#keepyourtips" hashtag seems especially benign because Defendants have admitted they "do

not seek the return of tips actually given to the dancers by the customers." Dkt. No. 48.

In sum, the application does not adequately show the posts constitute "potentially misleading, confusing, and coercive communication[s]" and so this Court declines to intrude on Plaintiff's counsel's speech. *Stransky v. HealthONE of Denver, Inc.*, 929 F. Supp. 2d 1100, 1105. That said, the Court expects this denial will not prejudice Defendants in any material way, as the official court-approved notice will issue very soon. "[C]ourts may . . . restrict communications in [an FLSA] post-conditional certification case where a court has already approved a class notice" and communications "contradict" the court's approved notice. *Id.* In its previous order, the Court directed the parties to meet-and-confer within 21 days and provide a joint proposed notice or alternative proposed notices. Dkt. No. 67 at 10.

Thus, the Court **DENIES** Defendants' ex parte application.