UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-04715-SB-RAO | Date: | 12/28/2020 |
|---|---|---|---|

| Title: | *Gabriela Rosario v. 11343 Penrose Inc., et al* |
|---|---|

| Present: The Honorable | STANLEY BLUMENFELD, JR., U.S. District Judge |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] **ORDER RE PARTIES' JOINT STATEMENT REGARDING FORM OF NOTICE (DKT. NO. 76)**

   The Court has considered the parties' joint statement about the form of notice pursuant to the October 26, 2020 court order. Dkt. No. 76. The parties indicate they are "unable to reach agreement on the form of the proposed notice." *Id.* Specifically, the parties diverge on the notice's description of Defendants' counterclaims. *Id.*

   Plaintiff's proposed notice, Dkt. No. 76-1, states:

   The Court has allowed La Vida to maintain counterclaims for unjust enrichment and for money had and received. The plaintiff contends that La Vida's counterclaims are without merit. The Court has not made a determination as to the merits of the counterclaims.

   By contrast, Defendants' proposed notice, Dkt. No. 76-2, states:

    The Court has also allowed La Vida to maintain counterclaims for unjust enrichment, and for money had and received against dancers that "opt-in." This means that if you "opt in" you may be required to return to La Vida all compensation that you earned as an independent contractor or lessee if you are determined to have been misclassified and entitled instead to a minimum hourly wage (less tax withholdings). If you do not elect to "opt in," you will not be subject to La Vida's counterclaims and no demand will be made that you return compensation that you earned as an independent contractor or lessee.

    As the Court mentioned in its previous order denying Defendants' ex parte application, "courts have found that disclosure of counterclaims in a collective action's notice is improper." Dkt. No. 75 (citing *Green v. Exec. Coach & Carriage*, 895 F. Supp. 2d 1026, 1030 (D. Nev. 2012)); *see Kesley v. Entm't U.S.A. Inc.*, 67 F. Supp. 3d 1061, 1074 (D. Ariz. 2014) (noting in FLSA cases, "courts have frequently rejected defendants' pleas" to include "warnings" about counterclaims); *see also Linz v. Core Values Roadside Serv., LLC*, No. 2:20-CV-00107-SMJ, 2020 WL 3051341, at *5 (E.D. Wash. June 8, 2020) ("Plaintiffs do not need to add any language about potential counterclaims.").

    Even though the Court identified this issue in its most recent order, Defendants declined to provide authority that their proposed additional language is required or appropriate. That language—which states no legal action will be taken against collective members who decline to participate in the action—may inappropriately discourage participation. *See Guzman v. VLM, Inc.*, No. 07-CV-1126, 2007 WL 2994278, *8 (E.D.N.Y. Oct. 11, 2007) (noting the potential "*in terrorem* effect" of notice about counterclaims). In contrast, the language proposed by Plaintiff about the counterclaims is more neutral and sufficiently informative for notice purposes.

    Accordingly, the parties are ordered to submit a final proposed notice and plan for distribution by January 4, 2021. The Court's final approval of the collective-action notice will end equitable tolling of the relevant limitations period for all plaintiffs. *See* Dkt. No. 67 (10/26/2020 Order: "the Court . . . equitably tolls the relevant limitations periods for all plaintiffs from the date of this Order until the date the Court approves the collective action notice.").

    **IT IS SO ORDERED**.